UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RECEIVED
APR - 6 2020
BY MAIL

UNITED STATES
(Plaintiff),

v.                    4:19-CR-00792-AGF-SPM-1

TIMOTHY JOHNSON
(Defendant).

MOTION TO DISMISS FOR
PREINDICTMENT DELAY, PRO SE.

Comes Now, Timothy Johnson, (Defendant), in the matter of the above entitled cause pending before the District Court, pro se, by and/or through appointed counsel, and humbly moves this Honorable Court for an Order Dismissing the Government's Indictment for failing to Indict Defendant on a Proper and Valid Indictment within (30) thirty days of his arrest and statute of limitations, which violates Due Process.
→

United States v. Johnson 4:19-CR-00792-AGF-SPM

Defendant Johnson is currently being unconstitutionally detained in pre-trial detention, at the Ste. Genevieve County Sheriff's Department, in Ste. Genevieve, Missouri, for allegedly violating federal statutes 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(c)(1)(A); and 21 U.S.C. § 841(a)(1).

Defendant is handicapped and impaired by his incarceration in oppressive pre-trial detention.

Defendant is not schooled in the law, has a right to participate in his own defence/defense, and is entitled to liberal construction of his pleadings, and request other applications of the leniency aspects. See, Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) ("... allegations ... as those asserted ... however inartfully pleaded ... of the pro se complaint ... we hold to less stringent standards than formal pleadings drafted by lawyers.)

Defendant brings this instant action

DISMISS                2

United States v. Johnson 4:19-CR-00792-AGF-SPM

pursuant to Rule 12(b), Fed. Crim. Proc. R. 12, which states that, (1) "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits...," and (3) "The following defenses, objections, and request must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits":

(A) a defect in instituting the prosecution, including:

    (ii) preindictment delay; ...

Subsequently to the government's intentional delay in seeking an indictment, which the statute of limitations (30 days - 18 U.S.C. 3161(b)) elapsed (on), and Defendant was predicced/prejudiced (procedurally or substantially by, See, United States v. Stevens, 985 F.2d 962, 965 (8th Cir. 1993) ("A defendant must raise before trial by motion any objections based on defects in the indictment.) (quoting United States v. Richards, 723 F.2d 646,

Dismiss      3

United States v. Johnson 4:19-CR-00792-AGF-SPM

648 (8th Cir. 1988) (per curiam).

The government's preindictment delay further violated Defendant's due process right(s) under the Fifth Amendment as a result from both the prejudice and intentional delay to either harass or gain an unfair tactical advantage.

"To show preindictment delay violated the Due Process Clause, a defendant must first show the delay against or actually and substantially prejudiced the defendant. If the defendant establishes actual, substantial prejudice, then the court balances the reasons for the delay against the prejudice shown." United States v. McDougal, 133 F.3d 1110, 1113 (8th Cir. 1998) (citing Bennett v. Lockhart, 39 F.3d 848, 851 (8th Cir. 1994), cert. denied, 514 U.S. 1018, 115 S.Ct. 1363, 131 L.Ed.2d 219 (1995), and United States v. Bartlett, 794 F.2d at 1289).... Absent a showing that the government acted intentionally to harass or to gain a tactical

Dismiss          4

advantage, no due process violation may be found. United States v. Stierwalt, 16 F.3d 282, 285 (8th Cir. 1994); see also United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971) (noting "the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the preindictment delay in this case caused substantial prejudice to appellees rights to a fair trial and that the delay was an 'intentional device to gain tactical advantage over the accused'").

The Fifth Amendment's Due Process Clause protects a criminal defendant against unreasonable delay.

On September 3, 2019, the Anti Crime Task Force (ACTF) initiated an illegal stop and frisk, (in violation of Defendant's right to be free from unreasonable search and seizure under the Mo. Const. art. 1, § 15 and the Fourth Amendment to the United States Constitution), of Defendant on/at →

Dismiss          5

United States v. Johnson 4:19-CR-00792-AGF-SPM

1028 LaSalle Park Ct., in the City of Saint Louis, Missouri, where the owner of red Dodge, Durango (license plate # JB5NOC), Angela Little, who was a social companion Defendant Johnson was involved in a relationship of a(n) intimate or romantic nature with (ongoing for about 3 or more months), resided.

Defendant was not committing any crime and had a right to be where he was at, and driving the vehicle he was in, subsequent to having the owners consent, and frequently drove on multiple occasions.

Defendant, prior to being acquested and apprehended by the police, was totally oblivious and unaware that the vehicle he used on a regular being reported as stolen or that he was being followed by the police (per police report).

While heading towards complainant Little, A's residence, Defendant noticed a vehicle with dark tinted windows he couldn't see through approach him at a rapid pace →

Dismiss                6

United States v. Johnson 4:19-CR-00792-AGF-SPM-1

, which alarmed Defendant, due to the rash of robberies/robberyo and rampant drive-by shootings and killings in the area, and took off running in fear of his life. Defendant was not at peril to wait and try to identify the unknown vehicle. Defendant is equally just as terrified of the police who have shot and killed multiple unarmed African-Americans.

Defendant knew he had not committed any crime, so there was no reason for the police to be stopping him, unless they were trying to frame or free-case him for a crime. An everday/everyday occurrance and reality in Defendant's community.

The police never had time to announce themselves to Defendant before he took off running. While running, Defendant was only concerned about getting away and reaching safety.

On the other hand, due to mistrust of the police, Defendant was not at limb to subject his persons to the more →

Dismiss

7

United States v. Johnson 4:19-CR-00792-AGF-SPM-1

discriminations, intimidations, harassments, physical abuse, and threats from the police under the color of state law.

At no time did Defendant resist police knowingly once he realized it was the police who was chasing and arresting him once he was apprehended, and, yet, the police, acting in their individual capacities under the color of state law, still beat and brutalized Defendant in caprice and retaliation for not knowing who they were before fleeing in for fear of his life.

In the police report, Det. Frye #7086 gross and negligently mischaracterized and misstated the events as they really occurred in a disproportionate manner, as insufficient evidence in justification.

Defendant reasonably believes that the government intentionally delayed the indictment filing to gain an unfair tactical advantage to prevent Defendant from asserting nonfrivolous Eighth Amendment (Mo. Const. art. 1, § ) violations, and relief from → Dismiss

8

United States v. Johnson 4:19-CR-00792-AGF-SPM-1

The concealing, suppressing, withholding or overlooking material facts of police's misconduct to insufficiently justify a malicious or selective prosecution and an arbitrary conviction prejudice Defendant from receiving relief of wrong and knowing if there is true justice for all, the criminal justice system is not broken and punishes all crime, and that no one can act with impunity.

Defendant further believes reasonably upon information and belief, more than one of the officers (namely - Detective Walsh #7224, Detective Cohen #8093, Detective Miller #11044, Detective Burle, et seq.) involved in his arrest are part of a "blacklist" of corrupt officers the Saint Louis Circuit Attorney's Office refuse to accept cases from.

The prosecution of cases from any of these officers on this "blacklist" prejudice Defendant upon corrupt officers excessive charging, leading to malicious/unwarranted prosecution, and Defendant's inability to overcome and exonerate or avail himself →

Dismiss           9

United States v. Johnson  4:19-CR-00792-AGF-SPM

of the allegations of law enforcement officers, due to lack of credibility as an African-American and a lower-class human being and a convicted victim in a "War Against Black People" subsequent to a well designed and orchestrated broken down criminal "No Justice" System. A system that has historically condemned innocent people.

Defendant reasonably believes, upon information or belief, that the government's preindictment delay is to gain an unfair tactical advantage by covering up police's errors insufficiently to justify prosecution and force Defendant to plead guilty, avoiding a trial.

Upon conclusion of police's on-scene investigation, Defendant was transported to Saint Louis Justice Center (CJC), and booked on charges for VMCSL-Poss. C/S; VMCSL-Poss. of Marij.; VMCSL-Drug Para.; Resist. Arr.; UUW-Poss. Firearm and C/S; UUW-Unlaw. Poss. Firearm, and Tamp. 1st. Victim came to CJC to decline prosecution. →

Dismiss        10

On September 6, 2019, Defendant was released from the City Justice Ctr. on his own recognizance (or O.R. bond).

From September of 2019 through January of 2020, Defendant appeared before the Circuit Court, he reasonably believes, pending an arrest warrant and/or indictment. None was issued.

In the State of Missouri, the State has 90 days, if it does not request an extension, from the date of Defendant's arrest, to file an indictment against him.

Within the 90 days time-frame, the State of Missouri filed neither a request for an extension to file an indictment or filed an indictment returned by a grand jury.

Defendant Johnson reasonably believes, upon information and belief, that on January 20, 2020, he was arrested on a parole violation hold, and detained

Dismiss

11

for a questioning about an unrelated homicide investigation he was not implicated in, for the sole purpose of holding for a federal warrant.

On January 24, 2020, Defendant was transferred to the Eastern Reception and Diagnostic Correctional Center (ERDCC-MDOC), in Bonne Terre, MO.

On February 10, 2020, Defendant was transferred to a federal detainer on a Writ from ERDCC, where he must return upon disposition of his federal case by the District Court.

For all purposes and intent of this Motion, Defendant is under the protections of the Interstate Agreement on Detainers Act (IAD), and can assert speedy trial violation upon government's delay and error(s).

On or around September 26, 2019, an indictment by the grand jury was returned against TIMOTHY JOHNSON, JR., a corporation. →

Dismiss            12

United States v. Johnson 4:19-CR-00792-AGF-SPM-1

who is appearing to be Defendant Timothy Johnson.

On above mentioned date, said indictment was "REDACTED" (ECF No. 2), and sealed and suppressed (ECF No. 3), by Magistrate Judge Bodenhausen. See, Fed. Crim. Proc. Rule 6(4) (The Magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. The Clerk must then seal the indictment, and no person may disclose the indictment's existence except as necessary to issue a warrant or summons...).

On September 27, 2019, the federal government issued a warrant as to TIMOTHY JOHNSON, JR., and not Timothy Johnson, while Timothy Johnson was out on own recognizance, reporting to parole officer and appearing at scheduled court dates on arraignment. (See, ECF No. 5-6(?)). Defendant was available, and totally unaware of pending federal warrant for prosecution, and was not trying avoid federal apprehension.

Dismiss                     13

United States v. Johnson 4:19-CR-00792-AGF-SPM

On February 5, 2020, the United States Attorney's Office for E.D./MO filed a request for Writ of Habeas Corpus ad Prosequendum as to TIMOTHY JOHNSON, JR., and not Timothy - Correction - Timothy Johnson. The District Court granted said application. (ECF No. 7-8).

On February 10, 2020, Timothy Johnson, and not TIMOTHY JOHNSON, was arrested after/after transferring to federal custody on a writ for a lodged federal detainer. (ECF No. 7-8 and 12).

On February 18, 2020, at no fault of Defendant's, the District Court ordered the government to (a) file motion to correct defendant's name. (ECF No. 19).

On March 12, 2020, the government filed Superseding Indictment against TIMOTHY JOHNSON, instead of a Bill of Particulars. →

Dismiss        14

United States v. Johnson 4:19-CR-00792-AGF-SPM

"Generally any delay between the commission of a crime and an indictment is limited by the statute of limitations." United States v. Corona-Verbera, 509 F.3d 1105, 1112 (9th Cir. 2007).

Re: 18 U.S.C. § 3161(b) - Any information or indictment charging an individual with the commission of an offense shall be filed within thirty (30) days on which such individual was arrested or served with a summons in connection with such charge...

The indictment or information must be plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion... For purposes of an indictment referred to in section 3282, Title 18, United States Code, for which the identity of the (identity) defendant is unknown it shall be sufficient for the indictment to describe the defendant as an individual whose name is unknown but who has a particular DNA profile as →

Dismiss     15

TIMOTHY JOHNSON #73362
ST. GENEVIEVE COUNTY JAIL
5 BASLER DRIVE
S. GENEVIEVE, MO. 63670



RECEIVED
APR - 6 2020
BY MAIL

DISTRICT CLERK OFFICE
U.S DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
111 S. TENTH STREET
ST. LOUIS, MO. 63102-0000

LEGAL MAIL 1 OF 2